LAVERNE CERNY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cerny v. Commissioner
Docket No. 9179-85.
United States Tax Court
T.C. Memo 1987-599; 1987 Tax Ct. Memo LEXIS 598; 54 T.C.M. (CCH) 1259; T.C.M. (RIA) 87599; December 7, 1987. *598 Petitioner and her former husband elected on their 1978 income tax return to defer gain on condemnation proceeds received in that year pursuant to section 1033. Petitioner and her husband were each entitled to one-half of the proceeds. Husband failed to reinvest any of the proceeds within the 3-year period. Held: Petitioner is an innocent spouse under section 6013(e) with respect to gain attributable to husband's share of the proceeds. Anthony A. Cox, Jr., for the petitioner. Kathleen L. Midian, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax liability for the calendar year 1978 in the amount of $ 46,337.04. Petitioner contends that the provisions of section 6013(e) [1] apply to relieve her from this tax deficiency. For convenience our Findings of Fact and Opinion are combined. At the time the petition in this case was filed, petitioner resided in Independence, Ohio. During *599 the entire year 1978 and for many years prior thereto, petitioner was married to Richard F. Cerny. During the year 1978 on a date unknown but prior to July 14, 1978, petitioner filed for divorce in the Cuyahoga County court. A divorce decree was entered in 1981. Petitioner and Cerny filed a joint Federal income tax return for the year 1978 on April 16, 1979, which return did not include a Schedule D and reported no capital gain income. Some years prior to the year 1978 petitioner and her then husband and two other individuals purchased a parcel of property from Cerny's mother containing approximately 49.06 acres. The parties stipulated that title was taken in the names of each of the four people as joint tenants. However counsel on the record stipulated that the parties actually held title as tenants in common, petitioner and Cerny each owning an undivided one-quarter interest in the property. Also some years prior to the year 1978 Cerny and his mother, Agnes Cerny, desired to acquire an 8.1-acre parcel of land. Cerny furnished one-half of the purchase price but title was taken in the names of Agnes Cerny and petitioner as tenants in common, each owning an undivided one-half *600 interest of the property. During the year 1978 both of these parcels of land were condemned by the United States for the benefit of the National Park Service. During 1978 the four owners of the 49.06-acre parcel received payments aggregating $ 401,500 of which the share of petitioner and Cerny amounted to $ 200,750. Petitioner and Agnes Cerny received during 1978 $ 67,900 as part of the condemnation proceeds of the 8.1-acre parcel of land, of which petitioner's share was $ 33,950. In each instance, petitioner was forced by her husband by threats and violent acts to endorse the checks so that Cerny acquired possession of all of the proceeds of these two condemnations which were received in 1978 on account of the legal interest of petitioner and Cerny in the larger parcel and all but $ 17,000 of the amount received in 1978 on account of petitioner's interest in the smaller parcel. [2] *601 Petitioner and Cerny realized substantial gain on the condemnation of the two parcels. [3] It was petitioner's understanding that her husband would reinvest the proceeds of the condemnations into property "similar or related in service or use to the property so converted" so as to obtain the benefit of section 1033 which defers the taxability of gain realized on an involuntary conversion. Sec. 1033 (a)(1). Where condemnation proceeds are received in the form of money, replacement with like kind property must be made within 3 years after the close of the year in which the landowner first receives the proceeds, in this case, by the end of the calendar year 1981. See sec. 1.1033(g)-1(c), Income Tax Regs. Respondent's regulations direct that the details in connection with an involuntary conversion of property *602 at a gain should be reported on the return for the year in which the gain is realized (in this case the year 1978) but that an election to defer recognition of gain will be deemed to have been made by a failure to include the gain in gross income of the year received, even though the prescribed statement is not filed. Sec. 1.1033-2(c)(2), Income Tax Regs. Thus, the failure by petitioner and Cerny to report and pay tax on the gain from the involuntary conversion on their 1978 income tax return constituted an election to claim the benefits of section 1033. If the proceeds had been reinvested within the required period, there would have been no understatement of income on that return. No acquisition of property similar to the property converted was made by either petitioner or Cerny within the 3-year period. At the time petitioner signed the joint income tax return for the year 1978 she knew that no gain from the condemnation transaction was reported although she then believed that Cerny intended within the 3-year period to make a reinvestment so as to defer the capital gains tax. She did not learn until after the 1978 return was filed that he had no intention of acquiring replacement *603 property. Before the expiration of the 3-year period, petitioner and Cerny were divorced. Section 6013(e)(1), as amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801-802 [4] provides that a spouse may be relieved of liability which is attributable to a substantial understatement where four conditions are met: (a) a joint return has been made for the taxable year, (b) there is a substantial understatement of tax on the return attributable to grossly erroneous items of one spouse, (c) when the other spouse signed the return that spouse did not know and had no reason to know that there was such a substantial understatement, and (d) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency. Petitioner has the burden of proving that all four statutory requirements for relief have been satisfied. Sonnenborn v. Commissioner,57 T.C. 373, 381 (1971). There is no disagreement that a joint return was filed by the parties and that on that return there is a substantial understatement of tax attributable to grossly erroneous items. Respondent contends *604 that the understatement is attributable to grossly erroneous items of petitioner as well as of Cerny and that petitioner knew of the substantial understatement at the time the return was filed. Respondent treats the condemnation proceeds received by Cerny and petitioner from the 49.06-acre parcel as well as the proceeds received by petitioner from the 8.1-acre parcel as in effect a single award, belonging to petitioner. However, as we have found, petitioner and Cerny were tenants in common as to the 49.06-acre parcel, each having an undivided one-quarter interest in the whole parcel. Therefore, petitioner was entitled in her own right only to one-quarter of the proceeds received from condemnation of that parcel while Cerny was entitled to one-quarter of the proceeds in his own right. As to the smaller parcel, petitioner was legally entitled to one-half of the proceeds. Thus, as to one-half of the 8.1-acre parcel award and that portion of the award received with respect to petitioner's one-quarter undivided interest in the larger parcel, the understatement is attributable to petitioner and not to Cerny for purposes of section 6013(e). A taxpayer cannot be an innocent spouse with *605 respect to that taxpayer's own income. It was petitioner's obligation to file an amended return when she discovered that reinvestment of the proceeds in section 1033 property was not going to be made and to pay the tax attributable to her portion of the capital gain. However, the portion of the capital gain attributable to Cerny from his one-quarter interest in the larger parcel belonged to him. Thus, the omission of Cerny's portion of the condemnation proceeds from the 1978 tax return, after it was determined that there would be no reinvestment of the proceeds in compliance with section 1033, constituted as to petitioner an understatement by Cerny, not by petitioner. While both Cerny and petitioner had legal obligations to amend the 1978 tax return and to pay or cause to be paid the tax due on the capital gain, sec. 1.1033(a)-2(c)(2), Income Tax Regs., the 1981 divorce made that a practical problem. The payment obligation was placed on Cerny by the divorce decree. A more difficult question is as to petitioner's knowledge. Petitioner does not deny that she knew the 1978 joint return as filed did not include gain from the condemnation proceeds. However, when that return was filed, *606 there was no substantial understatement of tax attributable to grossly erroneous items of either spouse. By reason of respondent's regulations, petitioner and Cerny are treated as having elected the provisions of section 1033 with the filing of that return. The gain referable to the condemnation proceeds was not required to be included in that return until either there was a definitive determination that no reinvestment would be made or the 3-year period for reinvestment expired. It is not clear on this record when Cerny made a determination not to reinvest any of the proceeds. Petitioner did not become aware of that decision until after the 1978 return was filed but there is no evidence of exactly when that knowledge was acquired by petitioner. [5] All that we know is that it was subsequent to April 1979. [6] *607 It was Cerny's inaction sometime after April 16, 1979, which created the omission of income for the year 1978. This knowledge cannot be attributed to petitioner as of the filing of the 1978 return. Petitioner received no part of that portion of the condemnation proceeds attributable to Cerny's interest in the larger parcel. In fact all that petitioner retained of the entire condemnation proceeds was approximately half of her share of the proceeds attributable to the 8.1-acre parcel. It would, therefore, be inequitable to hold petitioner liable for that portion of the deficiency attributable to Cerny's portion of the condemnation proceeds. Petitioner has carried her burden of proof with respect to section 6013(e) to the extent herein provided. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedures. ↩
2. At the trial, petitioner's counsel proposed to raise the issue that petitioner was merely a nominee, holding title for her husband as to her undivided interest in each parcel. Respondent objected on the grounds of surprise and petitioner's counsel apparently abandoned the issue. Although the testimony lends considerable credence to the contention, we decline to raise the issue on our own motion at this time. 3. Respondent's notice of deficiency showed the condemnation proceeds received on the 8.1-acre parcel as $ 115,000 although respondent has stipulated that the aggregate proceeds were actually $ 67,900. Due to this concession, decision will have to be entered under Rule 155. ↩
4. These amendments are applicable to all open years. ↩
5. Petitioner's counsel in his brief refers to an amended return tendered to petitioner by Cerny 2 years after 1978 which she declined to sign. These facts are not in the record. ↩
6. The 1978 return is dated April 16, 1979. Since neither the statutory notice nor respondent during the trial makes any point that the return was filed late, we assumed it was filed on the date it was signed.